ACCEPTED
03-15-00105-CR
7601953
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/29/2015 2:53:02 PM
JEFFREY D. KYLE
CLERK

## CAUSE NO. 03-15-00105-CR

| | | |
|---|---|---|
| **JUSTIN MURPHY** | § | **IN THE THIRD COURT** |
| **VS.** | § | **OF   APPEALS** |
| **THE STATE OF TEXAS** | § | **TRAVIS COUNTY, TEXAS** |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/29/2015 2:53:02 PM
JEFFREY D. KYLE
Clerk

### MOTION REMAND TO TRIAL COURT FOR FURTHER EVIDENTIARY HEARINGS AND REVIEW THE RECORD IN        (GARET JOHNSON 03-13-00726) IN CONSIDERATION OF THIS MOTION, OR IN THE ALTERNATIVE TO DISMISS THE APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Justin Murphy, Defendant, by and though his attorney of record, Adam Reposa, and moves this Court to remand this case back to the trial court for further evidentiary hearings and in support of which would show:

1. Defendant was arrested on 2013 for the offense of DWI 2nd.
2. Defendant filed a writ of habeas corpus alleging ineffective assistance of counsel.  A hearing was conducted on 05/10/2014.   At the hearing it was stipulated that Applicant had a subsequent diagnosis of narcolepsy.  The only disputed fact was whether Applicant informed his previous Counsel that he had a history of falling asleep unpredictably.
3. On May 23, 2015 the trial court entered written findings of fact.
4. The trial court made a finding that Applicant Murphy was less than credible in his assertion that he told his previous counsel about his unpredictable sleeping behavior. The trial court made also made a finding that his previous counsel was credible.
5. At some time months after the hearing (6/11/14), Applicant Murphy's previous counsel forged a client signature on a jury waiver without the client's permission. This information was not available at the time of the hearing for the obvious reason it had yet to occur.  A hearing was held on in front of the Hon. Wilford Flowers.  At that time the trial court made an inquiry about whether the Defendant in that case wanted to waive his right to trial but no inquiry about the propriety of a lawyer forging a client's signature was ever made.
6. There is no evidence in the record to overturn the credibility finding of the trial court on appeal and the only way for Applicant to prosecute his writ would be to establish more evidence regarding credibility in the trial court.  A lawyer trying to sign a jury waiver for a client in a manner intended to create the impression that the client themselves signed the document is evidence of dishonesty.  Evidence of dishonesty is relevant to credibility determinations.
7. The same attorney is the subject of a separate writ pending on appeal in this Third Court of Appeals.  Garet Johnson 03-13-00726. (Motion for Rehearing En Banc filed 2015 and is still pending)  The issue in that case was the Applicant testified that he was intentionally lied to by his previous Counsel.  Specifically he testified that he was told he was required to plead guilty to a DWI charge when in fact it was never part of the State's plea bargain offer.  Garet Johnson's testimony was never admitted as evidence in the hearing for Applicant Murphy.
8. Further the statement of Michael Bahr is attached as exhibits.

Wherefore, Defendant prays that the case be remanded to the trial court for further proceedings or in the alternative be dismissed as Counsel for Applicant Murphy has read the record and without further evidence there is no basis for appeal.

Respectfully submitted,

Adam T King Blackwell Reposa
SBN 24040163
1106 San Antonio St
Austin, Texas 78701
(512) 476-7376 Tel.
(512) 478-1114 Fax

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing on all parties, or their attorneys of record, in compliance with the Texas Rules of Appellate Procedure, this 29 day of October, 2015, by hand delivery.

Adam T. King Blackwell Reposa

## CERTIFICATE OF CONFERENCE

This is to certify that I have served a copy of the foregoing on the Travis CA and conferred wither about this motion. The TCA agrees / objects to our motion,

Adam T. King Blackwell Reposa

CASE: _____

**STATE OF TEXAS**       §
      §
      §
**COUNTY OF TRAVIS**       §

## AFFIDAVIT

Before me, the undersigned authority, on this day, personally appeared Miguel Hernandez who, being by me duly sworn, states the following:

I hired Sandra Ritz to represent me on my DWI 1st case. She contacted me about my offer by phone one afternoon, I said it sounded like a good deal but I didn't know any terms or if there was any other option. I asked her if I needed to come to her office to go over the deal and she said no and that it wasn't necessary for me to take the day off for court. I wanted a second opinion and I contact Mr Reposa's office. I met with Mr Reposa on June 11th, 2014, on June 12th, 2014 I appeared in court with Mr Reposa and Ms Ritz was there and had signed a Plea Agreement with my signature that I never agreed to .

I HAVE READ THIS STATEMENT CONSISTING OF 1 PAGE(S) EACH OF WHICH BEARS MY SIGNATURE, AND I SWEAR/AFFIRM THAT ALL OF THE FACTS AND STATEMENTS CONTAINED THEREIN ARE TRUE AND CORRECT.

_____
Affiant

**SUBSCRIBED AND SWORN TO BEFORE ME** 29 DAY OF Oct _____, 2015 to certify which witness my hand and seal of office.

MARIA BALDAZO RIZO
Notary Public, State of Texas
My Commission Expires
March 01, 2016

_____
NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

Cause No. C1CR13213893

| STATE OF TEXAS | § | IN THE |
| --- | --- | --- |
| VS | § | COUNTY COURT AT LAW NO. 5 |
| Miguel Hernandez | § | TRAVIS COUNTY, TEXAS |

## JURY WAIVER

I am the defendant (accused) in this case. I have talked to my lawyer about my case. In open Court I make the following voluntary statement:

- I am the person charged.
- I am mentally competent and I understand the nature of the charges against me.
- I am aware that any plea bargaining agreement among the State, myself, and my attorney is not binding on the court.
- I understand that I have a right to have a jury decide whether I am guilty and what my punishment should be, whether I plead guilty, not guilty, or nolo contendere.
- I have the right to be confronted with the witnesses against me.
- I have the right to remain silent. If I choose to speak, anything I say can be used against me.

Knowing all of the above, I give up the following right:

The right of trial by jury.

| 6/11/14 | | |
| --- | --- | --- |
| DATE | | DEFENDANT |

| 6/11/14 | | |
| --- | --- | --- |
| DATE | | ATTORNEY FOR DEFENDANT |

| 4-11-14 | | |
| --- | --- | --- |
| DATE | | ATTORNEY FOR STATE |

SIGNED THIS _____ day of _____, 200__.

_____
JUDGE PRESIDING

## NO. C1CR13213893

| STATE OF TEXAS | § | IN THE COUNTY COURT |
|---|---|---|
| | § | |
| vs. | § | AT LAW NO. 5 |
| | § | |
| PABLO HERNANDEZ | § | TRAVIS COUNTY, TEXAS |

## MOTION TO SUBSTITUTE COUNSEL

**TO THE HONORABLE JUDGE OF SAID COURT:**
**COMES NOW, Pablo Hernandez, DEFENDANT**, through counsel, in the above styled-cause, and moves this court to grant the substitution of counsel for the following reasons:

1. Defendant had retained new counsel, Adam King Blackwell Reposa, to substitute for Sandra Ritz.
2. Defendant wishes to be represented by Adam King Blackwell Reposa.
3. Prosecution has offered an obstruction and Defendant would like Mr. Reposa to negotiate on Defendants behalf.
3. Defendant has consented substitute of counsel.

FOR THESE REASONS, Defendant prays Sandra Ritz be withdrawn as Counsel for Defendant and be substituted by Adam King Blackwell Reposa.

Respectfully submitted,

Law Office of Adam King Blackwell Reposa
1108 San Antonio
Austin, Texas 78701
Tel: (512) 476-7376
Fax: (512) 478-1114

_____
Sandra Ritz
902 Rio Grande St.
Austin, TX 78701

_____
Pablo Hernandez
Defendant

_____
Adam King Blackwell Reposa
Attorney for Defendant
SBN 24040163